UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SONGJA HASSELJO,

                                   Plaintiff,

                                                                    Case #16-CV-429-FPG

v.

                                                                    DECISION AND ORDER

TARGET CORPORATION,

                                   Defendant.

On November 26, 2015, while at a Target store in Cheektowaga, New York, Songja Hasseljo slipped and fell in a public restroom and sustained "bodily injuries" as she fell to the ground. ECF No. 1-2, at ¶ 4. Target employees allegedly caused Hasseljo to suffer further injury when they forcefully grabbed her by the arm and attempted to stand her up. *Id.* at ¶ 9. Hasseljo sued Target in the Supreme Court of the State of New York, County of Erie, alleging that Target's negligence caused her injuries. Target, citing the diversity jurisdiction of federal courts under 28 U.S.C. § 1332, removed the case to this Court. However, Target has failed to meet its burden of proving "to a reasonable probability" that the amount in controversy in this case is over $75,000—which is a prerequisite for jurisdiction under § 1332. Absent subject matter jurisdiction, this case must be remanded to the New York State Supreme Court.

## DISCUSSION

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Judicial scrutiny is particularly important where, as here, the defendant has removed the case from state court. *DiPonzio v. Bank of Am. Corp.*, No. 11-CV-06192, 2011 WL 2693912, at *2 (W.D.N.Y. July 11, 2011) (noting that "removal implicates both state court independence and the federal

docket"); *see also Houston v. Scheno*, No. 06-CV-2901, 2007 WL 2230093, at *2 (E.D.N.Y. July 31, 2007). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir.1991)). Thus, with respect to the amount in controversy requirement under § 1332, the removing party bears the burden of proving "to a reasonable probability" that the amount in controversy is over $75,000. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Uddin v. Mamdani*, No. 16CV4385, 2016 WL 4536870, at *2 (E.D.N.Y. Aug. 30, 2016).

Here, Target has failed to meet that burden. In its notice of removal, Target asserted that "[i]n light of the Plaintiff's claimed injuries, damages in excess of $75,000 could be awarded." ECF No. 1, at ¶ 13. In support of that assertion, Target submitted medical records and a letter from Hasseljo to Target regarding the incident. *Id.* at Exs. E, F. After reviewing Hasseljo's complaint and the documents submitted by Target, the Court disagreed. *See* ECF No. 4. Therefore, the Court issued an Order to Show Cause requiring Target to demonstrate why the case should not be remanded to state court. *Id.*

In response to the Order to Show Cause, Target has submitted another letter from Hasseljo to Target and photographs purporting to depict Hasseljo's injuries. ECF No. 5.[1] In her letter, which was sent a month after the fall, Hasseljo describes her injuries (and the circumstances surrounding the incident) in more detail than she included in her complaint. ECF No. 5, Ex. B.[2] However, the Court remains doubtful that the amount in controversy in this case exceeds $75,000.

---

[1] Target also submitted letters from Target's counsel to Hasseljo's counsel requesting compliance with certain discovery demands by Target. ECF No. 5, at Ex. C. Target argues that "[h]ad Plaintiff timely responded to Target's demands, including the Demand for Specific Relief Requested, Target would have more comprehensive proof of this Court's jurisdiction." ECF No. 5, at 4. That is not an issue properly before the Court at this time.

[2] For example, Hasseljo states that she "lost conscience [sic] I felt I died" and that she was detained for an hour and a half by Target store managers even though she wanted to go to the hospital. *Id.*

Given the record before the Court at this time, as well as the fact that it is Target's burden to show that the requirements for jurisdiction are satisfied, the Court concludes that it does not have subject matter jurisdiction in this case.

**CONCLUSION**

For the reasons stated above, this case is remanded to the Supreme Court of the State of New York, County of Erie. The Clerk of Court is directed to close this case and to transmit this Order to the Clerk of the Supreme Court of the State of New York, County of Erie.

IT IS SO ORDERED.

Dated: May 22, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court